UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GENE SCHWARTZ, M.D. : <br> 9725 Woods Drive, Unit 1707 : <br> Skokie, IL  60077 : <br> : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> UNIVERSITY OF CINCINNATI : <br> COLLEGE OF MEDICINE : <br> 2600 Clifton Ave. : <br> Cincinnati, Ohio 45220 : <br> : <br> and : <br> : <br> UC HEALTH : <br> 3200 Burnet Avenue : <br> Cincinnati, OH 45229 : <br> : <br> and : <br> : <br> ANDREW FILAK, M.D. : <br> In his official and individual : <br> capacities : <br> 2600 Clifton Ave. : <br> Cincinnati, Ohio 45220 : <br> : <br> and : <br> : <br> DAVID BERNSTEIN, M.D. : <br> In his official and individual : <br> capacities : <br> 2600 Clifton Ave. : <br> Cincinnati, Ohio 45220 : <br> : <br> and : <br> : <br> KIMBERLY RISMA, M.D. : <br> In her official and individual : <br> capacities : <br> 2600 Clifton Ave. : <br> Cincinnati, Ohio 45220 : | Case No. 1:17cv284 <br><br> Judge |

**Defendants.** :
_____

# COMPLAINT AND JURY DEMAND
_____

Plaintiff, Gene Schwartz, M.D., for his complaint against Defendants University of Cincinnati College of Medicine, UC Health, Andrew Filak, M.D., David Bernstein, M.D., and Kimberly Risma, M.D., states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff, Gene Schwartz, MD, was enrolled in the Allergy and Immunology Fellowship Program at the University of Cincinnati College of Medicine and employed at UC Health as a clinical fellow. On or about March 1, 2016, Defendants terminated Dr. Schwartz from the fellowship program summarily, unlawfully, and without due process because he had engaged in protected activity by protesting what he reasonably believed was discriminatory conduct against himself and his same sex spouse at an event for the program participants authorized and organized by a state institution.

2. Dr. Schwartz has brought this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 to vindicate his rights under the First and Fourteenth Amendments of the United States Constitution to exercise his right of free speech, to vindicate his rights to equal protection of the laws, due process, and freedom from retaliation for opposing what he reasonably and in good faith believed constituted illegal discrimination.

3. Dr. Schwartz seeks relief in the form of an award of compensatory damages for both his economic and non-economic injuries, reinstatement to the fellowship program, an award of punitive damages against UC Health and the individual defendants, and an award of his costs and reasonable attorney's fees.

2

## II. JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivations of rights conferred by Title VII of the Civil Rights Act of 1964 which prohibits employment discrimination on account of sex, and 42 U.S.C. § 1983, which provides remedies for violations of the right to freedom of speech, equal protection of the laws, and procedural due process under the First and Fourteenth Amendments of the United States Constitution.

5. Venue with this Court is appropriate because the actions out of which these claims arose occurred within the Southern District of Ohio.

## III. PARTIES

6. Dr. Schwartz is a United States citizen and currently a resident of the state of Illinois. At all times relevant hereto, he was an employee of UC Health and a participant in the Fellowship Program.

7. Defendant, University of Cincinnati College of Medicine ("UC COM"), is a publicly funded state institution organized under the laws of the state of Ohio. UC COM receives federal funds to assist in the financial support of its programs and operations. UC COM is being sued for equitable and injunctive relief as well as monetary damages under Title VII of the Civil Rights Act of 1964, and solely for prospective injunctive relief under 42 U.S.C. § 1983.

8. Defendant, UC Health, LLC, is a not for profit Ohio limited liability company doing business in the state of Ohio.

9. Defendant, Andrew Filak, M.D. was at all time relevant hereto, the Senior Associate Dean of Academic Affairs at the University of Cincinnati College of Medicine,

as well as an employee of and administrator at UC Health. Dr. Filak is being sued in both his individual and official capacities.

10. Defendant, David Bernstein, M.D. was at all times relevant hereto, is the Allergy and Immunology Assistant Program Director at the University of Cincinnati College of Medicine, as well as an employee of and administrator at UC Health.  Dr. Bernstein is being sued in both his individual and official capacities.

11. Defendant, Kimberly Risma is the Allergy and Immunology Program Director at the University of Cincinnati College of Medicine, as well as an employee of and administrator at UC Health. Dr. Risma is sued in both her individual and official capacities.

## IV.   ADMINSTRATIVE HISTORY

12. On or about June 6, 2016, Dr. Schwartz filed a Charge of Discrimination (Charge No. 473-2016-00823) with the Equal Employment Opportunity Commission asserting that his termination from the Fellowship Program constituted an act of discrimination and retaliation in violation of the provisions of Title VII, 42 USC §2000e, et seq.

13. On or about February 22, 2017, Dr. Schwartz was issued a Notice of Right to Sue from the EEOC in connection with the aforementioned charge of discrimination.

14. This complaint is being filed within 90 days of receipt of the Notice of Right to Sue in compliance with the terms of 42 USC § 2000 e-3.

4

## V. STATEMENT OF THE CASE

### Substantive constitutional and statutory violations

15. Dr. Schwartz attended the Northwestern University Feinberg School of Medicine and subsequently completed a residency in internal medicine. Dr. Schwartz was accepted into the Fellowship Program in 2015.

16. Dr. Schwartz's participation in the Fellowship Program was governed by the University of Cincinnati Medical Center 2015/2016 Graduate Medical Education Standard Terms and Conditions ("UC Standards") as incorporated in the Graduate Medical Education Contract between UC Health on behalf of UC Medical Center LLC ("UCMC") and Dr. Schwartz. The Fellowship Program is a collaboration between UC COM and UCMC. The academic components of the medical program are developed and supervised by UC COM which is responsible for determining whether the resident has satisfactorily completed the academic requirements of the Fellowship Program.

17. In October 2015, Dr. Schwartz attended a dinner at a local restaurant for residents and fellows presented by a private financial investment firm. Invitations to the dinner were organized and coordinated through UC COM. Residents and fellows were invited to attend with their spouses.

18. Dr. Schwartz arrived at the dinner accompanied by his same sex spouse. When he presented his invitation at the reception desk, Dr. Schwartz and his spouse were not granted entrance to the event. After observing traditional heterosexual couples being openly welcomed to the event, Dr. Schwartz became concerned that he and his spouse were being excluded solely because they had presented themselves as a same sex couple. Despite his efforts, Dr. Schwartz was unable to obtain a reasonable explanation as to why he was denied entry to the event.

5

19. Shortly thereafter, Dr. Schwartz contacted Shakeith Lawson, the division coordinator for the Fellowship Program, to express his concern that he and his same sex spouse had been excluded from the event because of their sexual orientation. Dr. Lawson responded by email that Dr. Schwartz's concern that he had been subjected to discrimination at the event was not her problem.

20. Dr. Schwartz forwarded a copy of Dr. Lawson's email to Dr. Filak protesting his exclusion from the event and calling for the UC COM to disassociate itself from the private investment firm conducting the event. At that time, Dr. Filak was charged with performing the responsibilities of the Designated Institutional Official (DIO) for UC COM. According to federal regulations, the duties of the DIO includes remediating charges of discrimination submitted by participants in the Fellowship Program. Dr. Filak failed to respond to Dr. Schwartz's letter of protest and, to the best of Dr. Schwartz's information and belief, took no action to address or meaningfully respond to Dr. Schwartz's allegation that he had been subjected to discrimination at an event authorized and organized by UC COM.

21. In forwarding his letter of complaint to Dr. Filak, Dr. Schwartz was acting as a private citizen protesting a matter of public concern; namely, the state's participation in or tolerance of acts of discrimination against individuals on account of their sexual orientation at events organized and authorized by a state institution.

22. On November 30, 2015, without prior notice or the existence of any legitimate, lawful, or appropriate institutional or governmental grounds to do so, Dr. Bernstein and Dr. Risma presented Dr. Schwartz with a Letter of Deficiency contending that Dr. Schwartz was not meeting the academic expectations of the Fellowship Program. The first item listed in the Letter of Deficiency was Dr. Schwartz's communication to Dr.

6

Filak protesting discrimination on account of sexual orientation. Prior to his complaint of discrimination, Dr. Schwartz had not been made aware of any deficiency in the performance of his responsibilities as a participant in the Fellowship Program.

23. On February 25, 2016, Dr. Bernstein and Dr. Risma presented a letter to Dr. Filak recommending that the UC COM and UC Health dismiss Dr. Schwartz from the Fellowship Program for allegedly failing to adequately address the alleged academic failures and unprofessional behavior cited in their Letter of Deficiency.

24. On March 1, 2016, Dr. Filak issued Dr. Schwartz a letter terminating him from the Fellowship Program. In doing so, Dr. Filak expressly referenced, adopted, and ratified the grounds advanced by Dr. Risma and Dr. Bernstein in their Letter of Deficiency and their letter recommending Dr. Schwartz's dismissal to support his action.

25. According to Dr. Filak's March 1, 2016 letter, the decision to dismiss Dr. Schwartz from the Fellowship Program was a final decision from which Dr. Schwartz had no opportunity to appeal.

26. The actions of the Defendants terminating Dr. Schwartz from the Fellowship Program were committed intentionally, purposefully, maliciously, and with a conscious and deliberate disregard for Dr. Schwartz's rights to be free from retaliation for exercising his rights to free speech, to be free from retaliation for opposing acts of discrimination, and to be free from discrimination on account of his sexual orientation in violation of the First and Fourteenth Amendments of the United States Constitution.

27. At the time the aforementioned actions were performed, any reasonable official or supervisor in the administrative positions held by Defendants Filak, Risma and Bernstein, would have known that it was clearly established law in all federal judicial circuits that: 1) retaliation by a government official against the citizen for exercising his

or her right to speak freely on a matter of public concern violated that citizens' rights under the First and Fourteenth Amendments of the United States Constitution and; 2) that deprivation of an employee's state created property rights without affording that individual notice and a right to challenge that deprivation violates the employee's rights to due process under the 14th amendment of the United States Constitution.

28. According to UC Standards, a decision to dismiss a resident from participation in a residency or fellowship program pursuant to the Academic Improvement Process is considered a "reportable action." If a resident becomes the subject of a reportable action, he or she may request a review of that decision. (UC Standards Section 4.1.3). The UC Standards in turn provide the resident with the opportunity to request a review of the reportable action with the Office of Graduate Medical Education within fourteen calendar days of receiving the communication informing the resident of the reportable action. If the matter is deemed reviewable, the policies call for the appointment of a three-person panel consisting of three neutral faculty members to conduct a review of the decision. (UC Standards Section 4.1.4).

29. The action of Defendants, in terminating Dr. Schwartz from the Fellowship Program and then denying him the opportunity to appeal the grounds for that action, were conducted intentionally, purposefully, and maliciously in violation of the terms and conditions of the state-created contract between UC COM, UC Health, and Dr. Schwartz.

30. All of the actions of Dr. Filak, Dr. Bernstein, and Dr. Risma, complained of herein were undertaken and performed under color of state law in their capacities as officials employed by and acting for and on behalf of UC COM.

31. On or about March 10, 2016, and again on March 22, 2016, Dr. Schwartz through his counsel wrote to UC COM to protest the aforementioned actions on the

grounds that his due process rights had been violated and demanding that he be reinstated pending such process, as was required under the UC Standards governing reportable events. Dr. Schwartz received no response to the letters.

32. As a direct and proximate result of Defendants actions, taken in the manner and for the reasons previously described, Dr. Schwartz suffered and continues to suffer emotional pain and suffering, injury to his professional and personal reputations, and loss of pay and benefits associated with his employment.

## V. STATEMENT OF CLAIMS

### Count One—Right to Free Speech (42 U.S.C. 1983)

### Against Defendants UC COM, Filak, Bernstein, and Risma

33. Plaintiff reiterates and incorporates by reference paragraphs one through thirty-two.

34. Dr. Schwartz spoke as a private citizen on a matter of public concern when he complained to Defendants that he had been subjected to discrimination on the basis of his sexual orientation.

35. By terminating Dr. Schwartz from the Fellowship Program, Defendant's violated his right to exercise free speech.

### Count Two—Equal Protection (42 U.S.C. 1983)

### Against Defendants UC COM, Filak, Bernstein, and Risma

36. Plaintiff reiterates and incorporates by reference paragraphs one through thirty-five.

37. By terminating Dr. Schwartz from the Fellowship Program, Defendants violated his right to be free from discrimination and retaliation in public employment on

account of sexual orientation in violation of the Equal Protection Clause of the Fourteenth Amendment.

## Count Three—Procedural Due Process (42 U.S.C. 1983)
## Against Defendants UC COM, Filak, Bernstein, and Risma

38. Plaintiff reiterates and incorporates by reference paragraphs one through thirty-seven.

39. Dr. Schwartz enjoyed a state created property right in the form of the UC Standards which entitled him to challenge his termination from the Fellowship Program by means of a hearing before a neutral panel.

40. Defendants failure to afford Dr. Schwartz an opportunity to challenge his termination from the Fellowship Program before a neutral panel deprived him of a property interest in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## Count Four—Retaliation (Title VII)
## Against Defendants UC COM and UC Health

41. Plaintiff reiterates and incorporates by reference paragraphs one through forty.

42. By terminating Dr. Schwartz from the Fellowship Program, Defendants violated his right to be free from retaliation for engaging in protected activity by opposing acts of sexual discrimination in violation of Title VII.

10

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Gene Schwartz, M.D., demands judgment against Defendants, Dr. Filak, Dr. Risma, Dr. Bernstein, University of Cincinnati College of Medicine, UC Health, and each of them, jointly and severally, as follows:

a.  A judgment for equitable and injunctive relief directing Defendants, their successors and assigns to vacate Dr. Schwartz's termination from the Fellowship Program and to reinstate him as a fellow in that program;

b.  A judgment for compensatory damages for Dr. Schwartz economic and non-economic injuries in an amount to be determined at trial;

c.  A judgment for punitive damages against the individual defendants and UC Health in an amount to be determined at trial;

d.  A judgment for an award of Plaintiff's reasonable attorney fees and costs;

e.  A judgment for such other relief in law or in equity that is appropriate under the premises.

Respectfully submitted,

MEZIBOV BUTLER

/s/Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
Brian J. Butler (OH No. 008265)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com
bbutler@mezibov.com

*Attorneys for Plaintiff Gene Schwartz, M.D.*

11

## JURY DEMAND

Plaintiff Gene Schwartz, M.D. demands a jury trial to resolve issues of fact related to his Complaint.

/s/Marc D. Mezibov<br>
Marc D. Mezibov (Ohio No. 0019316)